Cain against Mount Pleasant Central, and Coe against Eastport Union Free School. And that's being heard in tandem and argued separately, right? Yes, Your Honor. It's always good to have an editorial assistant as I go along. Go ahead. Good morning, Your Honors. It's my pleasure to appear before the court today. My name is Kevin Mulhern. I represent the plaintiff appellant, Christopher Cain. This is a matter of first impression before the Second Circuit. And it's an important matter involving the federal principle of whether or not a naked federal statute, which is a federal statute that doesn't have its own statute of limitations, needs to apply specific state's tolling and revival rules, as well as the borrowed state statute of limitations for personal injuries. Now, there's been a lot of confusion in these issues. A lot of the courts have gotten this issue- That's not an issue of first impression. The law is clear that you are to apply tolling provisions, applicable tolling provisions, if they relate to the residual statute as a whole. That's where I think the confusion is. In other words, you're suggesting, even though I think it's more of a revival provision than a tolling provision. But either way, it doesn't apply generally to 214-5. It only applies to certain claims. So, there is no case that says, if it applies to a subset of claims, that you apply that tolling provision, that's what I think you're missing, and try to explain to me where I'm wrong. I'll try my best, because I think that is a wrong analysis. This is not a special, the CBA had two components. It had the 208B, which was the prospective component, which said that- I'm not talking about 208B, I'm talking about the one you want to talk about, 214G is, let's call it a tolling provision. Yes. Applies only to childhood sexual abuse claims. So why would you have this rule saying we're going to apply the general, we don't want to look at each individual claim, we're going to apply the general residual three year rule. We're not going to look at any rules related to childhood sexual abuse claims. But then under the tolling provision, do the exact same thing, it makes no sense. Well, we're not asking the court to apply CPR 214G as a statute of limitations. We're saying that it is an addendum, and it is intertwined. Don't apply tolling rules if you have to look at the particular claims in order to determine whether or not the tolling rule would apply. That's never happened. The case that you cite, Tamanio, thank you. Didn't involve the claims, it involved who the person was. If you were legally disabled, like incarcerated, then it applied to everybody, it didn't matter what the claim was. That's completely different than what you're suggesting to this court. Well, if I could, your honor, the CVA 214G specific language says it has general applicability and applies to all childhood sex offenses where the applicable statute of limitation has expired. So it's intertwined with, it's 214, it's part of the CPR 214. So it applies to all such limitations, including 214-5. The issue that I think- It only applies to childhood sexual abuse claims. Those are the only claims it applies to. It doesn't apply to any personal injury claim. And that is the legislative choice that the New York State Legislature made to carve out a specific exception for childhood- I know, but the Supreme Court, that's fine, they're allowed to do that. But what Owens, what the Supreme Court says is, then you don't look at that provision. You don't look at that tolling provision, because it only applies to a subset of claims. Well, if I could take your honor back historically a bit to the Wilson case, which was the progenitor of Owens. In Wilson, 1985, the Supreme Court specifically held, we want to avoid confusion of picking one statute of limitation over the other. So we're going to set a general statute of limitations and make it the personal injury statute of that state. That's what Wilson said. Wilson said, if we don't do that, we're going to cause chaos and confusion because we're not going to be sure which of many statute of limitations to pick. Council, this is a revival statute. That's what the legislature said, didn't they? When they passed it, they called it a revival statute? Absolutely. So what kind of claims does it revive, if not the claim of your client? It revives any claims related to childhood sexual abuse. It revives battery cases, it involves negligence cases against institutions. It involves, in our view, a Title IX claim based on sexual abuse offenses. But I get back to Judge Bianco's point because it's an important one. We want to reintroduce the same chaos that Owens did not want to have in the tolling provisions. And even though we're not going to look at individual claims to figure out what statute of limitations should apply, we're going to do so when it comes to tolling so we can have the same chaos. And in fact, the Ninth Circuit, listen to what the Ninth Circuit said in the, this is called a bone out. They said, the tolling rule must be closely related to the borrowed statute of limitations. It would no less frustrate the federal interest in uniformity and the interest in having firmly defined, easily applied rules were read to obediently apply the residual statute of limitations, only then to adopt a tort specific tolling provision. Such a holding would succeed only in transferring the confusion over the choice among multiple statute of limitations to a choice among multiple tolling provisions. And Bono was rightly decided, but Bono involved the statute, the Oregon statute, which set a specific time limit for people to sue up until they're 40. So in Bono, there's either or choice. Is it the specialized statute of limitations in Oregon up to 40, or is it the general personal injury? In Bono, the Ninth Circuit got their case right. It was the general statute of limitation for personal injuries. But here, 214G, unlike 208B, which the court improperly relied upon in its decision, 214G does not set a specialized set of facts. It creates a specific set of circumstances, sexual abuse offenses, in which the legislature carved out a binding rule of law according to the- You would say the fourth department is wrong, too, in the BL Doe 3 case, where they said that 214G is not a revival statute related to the residual personal injury statute limitations, and therefore does not apply. The fourth department doesn't understand their own- The legislature itself called it a revival statute. That is correct. The sponsor and the bill jacket discusses it as a revival statute. Also, counsel, Johnson versus Railway Express says when you adopt a statute of limitations from a state, you take all that goes with it, including tolling and revival. Exactly, which is what the court didn't do here. And again, the issue is this is not a specific statute of limitations. We're not saying plaintiffs have until they're 55 to bring suit. We're saying that the statute was revived specifically by New York State legislature. The language is clear. I cited it in my brief. The fourth department's wrong, then. Absolutely wrong. Absolutely wrong, okay. The fourth department referenced Wilson and- You should ignore how a state court interprets their own provisions. I would respectfully say that Justice Chimes got the issue dead on square. There's another court case on the same issue pending in the third department, which I believe there could very well be a different decision on that. I think the fourth department was wrong. The federal courts that have handled this case wrong, have been wrong, because they've always looked at the issue of this is a specialized statute of limitations. So the Ninth Circuit, well you said the Ninth Circuit is right, even though it declined to apply it. Well, it was right, because that was- So the New Mexico's child abuse statute, the tolling provision, didn't apply to Section 1983 of Title IX. The Seventh Circuit in Woods declined to apply a 20 year revival statute, a revival statute, for Illinois' sexual abuse claim, and the Fifth Circuit in King, White versus Humble Independent School District declined to apply a sexual assault that extended a two year general provision. So that would be four circuits that all got it wrong. But they didn't get it wrong, Judge. You're missing the point. Those are specialized statute of limitations. This is a revival statute. I just told you, the Seventh Circuit is a 20 year revival statute, Illinois, for childhood sexual abuse. There's no distinction. You can call it whatever you want, but what it is, is it's either reviving or tolling a particular claim. It doesn't matter what you call it. Well, it is reviving and tolling a particular claim, Your Honor. But that is, you know, the Tammanio rule. What case in any federal court has taken a revival or a tolling statute that applies only to a particular category of claims and utilize it for Section 1983 or Title IX? Which case? Hardin, 1990, Supreme Court. It was a tolling statute, Michigan, which created- We just talked about it. That was an incarcerated individual. It had nothing to do with the substance of the claims. It applied to everybody, not just a particular- Well, it created a specific carve out, an exception that they wanted to set for incarcerated prisoners. Here in the New York State, set an exception for victims of sexual abuse. There's really no distinction. Mr. Mulhern, before you sit down, you of course have reserved time. But I want to make sure that we understand the state of play. If we conclude that your federal claims are barred, that's hypothetically, would you be able to re-file your state claims in state court? I have filed the state claims in state court already. And is that a problem in the state courts? We haven't really moved that case very much, but it happens. Did you get within the window that was opened by 214G? We filed within the window for the state claims, yes. But the Title IX claims were not filed in the state court. And from what you said in response to Judge Bianco, I take it that all the district courts, as far as we know, that have considered how to interpret 214G have ruled in a way that is unfavorable to you, so far? They have all, based on the arguments presented to them by their advocates, the advocates for all those cases argue that it was an either or, that the court was required to pick 214G as the controlling statute of limitations rather than 214-5. And that's not right. That was wrong. And we got that square on right in our briefing. We said the right statute is 214-5, the personal injuries. But the Tamania rule says that general statute of limitations, when borrowing the state's general statute of limitations for personal injuries, a federal court must, and this is a controlling rule of law, must also borrow the state's coordinate, totaling, and revival rules and exceptions. That's what we're asking the court to do. Thank you. Thanks very much. You've reserved some time. Thank you. Mr. Gallo? Good morning. My name is Joseph Gallo, I'm from McGivney, Kluger, Clark, and Antosha on behalf of the Pelleas, Mount Pleasant Central School District and several district defendants. Your honors, I believe this is a very simple case. We have the Supreme Court saying that you take the generalized residual statute of limitations, which is 214-5 in this case. There's no dispute by the plaintiff that that's what applies. There's a- The Supreme Court also said, as I cited a few moments ago, in Johnson versus Railway Express, that when you take a statute of limitations from the state, you must also borrow the state's revival and tolling provisions as well. That's what it says. Your honor, but in this case, the legislature, when it passed 214-G, was fully aware that 214-5 existed and made no effort to extend that, the revival or tolling provisions in those cases, so- So you would concede that if they had done so for all claims under 214-5, then we would have to apply that, right? Correct, but that's not what was done, and that would have been consistent with the Supreme Court's mandate. Your honors, there seems to be some dancing around as to whether or not the CVA statute is, in fact, a specialized statute. I don't think there's any doubt that it is a specialized statute created out of state law. Wilson and Owens require the federal courts to take that generalized statute of limitations, but there's no directive in any of the Supreme Court cases that, in fact, you look to other statutes to sort of combine and say, well, these ought to be part of our consideration of the generalized statute. My argument is, your honors, that once you do that, you go outside of Wilson and Owens. And this court in Curdo made the exact same analysis. They did it in a Title IX action, and the side issues about what was argued, the critical issue in that case was whether or not what was the appropriate analogous state statute of limitations to apply. They relied on sister circuits, as I think Justice Bianco mentioned, in other circuits in coming to that conclusion. Also, five years later in Purcell, the court was confronted with another Title IX issue, did exactly the same thing. You have three district courts so far that I am aware of, one in the Southern District, one in the Northern District, and one, I believe, in the Eastern District. All taking Wilson, Owens, Curdo, and Purcell, and saying that the CBA does not act as a revival or tolling to extend the statute of limitations. And I might also point out that Title IX only applies to institutions. It does not apply to individuals. So even if this court were to extend the statute of limitations and conclude that there is a Title IX claim, that would only be available against the school district and not the individual defendants. I'm sorry? The school district is a defendant. Yes, I'm not disputing that, Your Honor. But I'm just saying it has a limited application, unlike, for example, 1983, where you can sue not only the municipality, but perhaps the individual law enforcement officers under alternate theories. So- Mr. Gallo. Yes, sir. At the risk of beating the proverbial dead horse, to follow up on Judge Poole's question. In Johnson against Railway Express, it stated explicitly that we must borrow New York's provisions regarding tolling, revival, and questions of application. Isn't that right? Yes, it does say that. And 214G is a revival statute, is it not? It is a revival statute. So how do we get away, how do you get away from the suggestion of the apparent application of Johnson? Your Honors, I think going to, relying on Wilson and Owens and this court's analysis in Curdo and Purcell compel the conclusion that even though that's what was said in Johnson, that is not the correct application of the law as mandated by the Supreme Court and cited in two prior decisions by this circuit. The Supreme Court said that you take the state's revival and tolling applications as well as the statute. But there, this- Why are you not agreeing with that? Because if the legislature had specifically intended that this statute revive claims in conjunction with 214.5, they would have so expressedly. This was created out of a need, a perceived need, and I'm not standing here disputing that need. But out of a perceived need to address what the court and what the legislature found to be an injustice. I mean, you're interpreting all of those cases to mean that you apply the tolling provision only if it applies to the residual statute as a whole. That's what you're- That's my argument, Your Honor. And that's what every other circuit has interpreted it. That's- That's what every district court has interpreted it. That's what the fourth department has interpreted it as. That's correct, Your Honor. Okay. I don't want to belabor the point. I think my, unless the panel has any additional questions, I will return to my seat. Thank you. Thank you, Your Honors. Mr. Mulhern. Very briefly, Your Honors, and I just want to emphasize the Wilson case, which is central to the argument of defendants. Wilson talked about the chaos and confusion only in a choice of law context as to whether there's an issue as to which statute of limitations to apply. And that's just not here. Wilson also stated, and it affirmed the Tamanio rule, that when borrowing a state's statute of limitations, quote unquote, closely related questions of tolling and application are governed by state law. So Wilson, the case really heavily relied upon by defendants, supports this tolling and revival component. And 214, Judge, you're talking about- It's only closely related if it applies to all the claims under the general provision. That's the disconnect. It's not, the fourth department said, it's not closely related if it only applies to the subset of certain types of claims. We disagree with that, but that's what the fourth department has said. And that's what every single federal court in the United States of America has said. You're limiting the analysis, thinking about cases which are specialized statute of limitations. When there's, if I were to come to the court and said, your honor, my client was abused, sexually abused as a child, and she's now 49 and wants to bring a claim, the CBA extended it by 208 to 55. So we're going to have this statute supersede the general statute of limitations. Then the defendants will be right, and I'd be out of court. I won't be able to make that argument. But that's not what happened. 214, remember, it's CPLR 214. 214G is linked, inextricably linked to 214, which includes 214-5. It is a tolling application by the language of the court. In the CBA language itself, a 214G applies to all, all civil claims based on sex offenses, all civil claims. Because the applicable statute of limitations, including 214G, has expired. Your honor, we respectfully request the reversal of the lower court's decision, and I thank the court for the careful consideration. Thank you very much. Well argued on both sides, and we appreciate it very much. Thank you.